UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RASHAD MAGEE                                    CIVIL ACTION

VERSUS                                          NUMBER: 14-0690

MARLIN GUSMAN, ET AL.                           SECTION: "B"(5)

### ORDER AND REASONS

Presently before the Court in this proceeding, which comes before the undersigned upon the consent of the parties pursuant to 28 U.S.C. §636(c), is Defendants' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Rec. docs. 28, 32). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed no later than eight days prior to the noticed submission date. No memorandum in opposition to Defendants' motion, which was noticed for submitted on June 24, 2015, was submitted by Plaintiff, timely or otherwise. Accordingly, the motion is deemed to be unopposed and may thus be granted on that basis as long as the motion has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).[1] For the reasons that follow, it is ordered that Defendants' motion is granted and that Plaintiff's suit is dismissed with prejudice.

While incarcerated at the Orleans Parish Prison ("OPP"), Plaintiff filed this 42 U.S.C. §1983 proceeding against Sheriff Marlin Gusman and 11 other correctional officials in his employ. (Rec. doc. 1). Attached to the standardized §1983 complaint form that Plaintiff submitted is a handwritten §1983 complaint that appears to have been drafted by another

---

[1] In light of Plaintiff's failure to file a memorandum in opposition the Court may properly assume that he has no opposition to Defendants' motion. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007)).

inmate.  (*Id.*).  In that handwritten complaint, Plaintiff provides the identities of the named Defendants along with the conclusory statement that each one of them is responsible for the policies and practices at OPP.  (*Id.* at pp. 8-11).  What follows is a listing of various substandard conditions of confinement that allegedly existed at OPP during the time that Plaintiff was incarcerated there which gives no indication that the named Defendants played any part in the creation of those conditions or were even aware of those conditions.[2/]  (*Id.* at pp. 12-14).  All of the Defendants were sued in both their individual and official capacities.  (*Id.* at p. 11).

"In a suit brought against a municipal official in his (or her) official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)).  "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'"  *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)).  Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights."  *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Here, although Plaintiff alleges that the Defendants were responsible for "policies and procedures" at OPP, he fails to identify any such policy, procedure, or custom.  As such, he has failed to state a valid claim against the Defendants in their official capacity.  *Carter*, 2009 WL 3231826 at *2.  Viewing Plaintiff's allegations as being made against the named

---

[2/] Some time after filing suit Plaintiff was transferred from OPP and was ultimately housed at the St. Charles Parish Correctional Center.  (Rec. doc. 19).  He has since been released from custody.  (Rec. doc. 23).

Defendants in their individual capacity he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)).  This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'"  *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).  Supervisory officials like the Warden ". . . cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability."  *Id.* (footnotes omitted).  *Respondeat superior* is simply not a concept which is applicable to proceedings brought under §1983.  *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

   Other than identifying the Defendants as such in the body of his complaint, Plaintiff's principal pleading contains no allegations that the Defendants were personally involved in – or even aware of – the conditions of which he complains herein.  Indeed, in his response to the Court's Briefing Order, the Defendants are not identified as witnesses who have personal knowledge of the allegedly substandard jail conditions.  (Rec. doc. 18, 22).  That being the case, there is simply no basis upon which the Defendants can be held liable here. *Carter*, 2009 WL 3231826 at *1-2; *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006).  The allegations made by Plaintiff also fall far short of establishing the subjective and objective components of deliberate indifference that are needed to prevail in a prisoner conditions-of-confinement §1983 proceeding.  *Herman v.*

*Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). *See also Taylor v. Woods*, 211 F.3d 240, 241 (5th Cir. 2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. July 9, 2010). For all of these reasons, it is ordered that Defendants' unopposed motion for summary judgment is granted and that Plaintiff's suit is dismissed with prejudice. Judgment will be entered accordingly.

New Orleans, Louisiana, this  31st  day of _____July_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

4